[S.F. No. 23636. Mar. 6, 1978.]

BYRON N. WELLS, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

710

---

---

**COUNSEL**

Byron N. Wells, in pro. per., and Dionisio Macedo for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

## OPINION

**THE COURT.**\*—We review recommendation of the Disciplinary Board of the State Bar that Byron N. Wells be suspended from the practice of law for three months. (Bus. & Prof. Code, § 6083, subd. (a).)[1]

Petitioner is charged with violation of his oath and duties as an attorney (§§ 6103, 6067, 6068), the willful violation of former rules 9 (now rule 8-101, conversion of or commingling a client's funds) and 11 (now rule 7-101, advising violation of law) of the Rules of Professional Conduct (3B West's Ann. Bus. & Prof. Code (1974 ed., 1977 Cum.Supp.) foll. § 6076), and the commission of acts involving moral turpitude, dishonesty and corruption (§ 6106).

Petitioner was admitted to practice in 1967. In 1975 he was disciplined for commingling and misappropriating a client's funds, and thereafter fraudulently concealing his misconduct. He was ordered suspended from the practice of law for one year, but execution of the order was stayed and petitioner was placed on probation for one year on conditions including actual suspension for three months. (*Wells* v. *State Bar* (1975) 15 Cal.3d 367 [124 Cal.Rptr. 218, 540 P.2d 58].)

In 1971 Gerald Weissburg was indicted when he refused on religious grounds to submit to military induction. Petitioner, retained as counsel for Weissburg, persuaded his client to submit to induction in order to present his claim as a conscientious objector to an in-service forum. (See *Ehlert* v. *United States* (1971) 402 U.S. 99 [29 L.Ed.2d 625, 91 S.Ct. 1319].) While Weissburg sought a determination of his status as a conscientious objector, petitioner arranged with the United States Attorney for dismissal of the pending charges, and such charges were dismissed.[2]

---

\*Before Tobriner, Acting C. J., Mosk, J., Clark, J., Richardson, J., Manuel, J., and Scott, J.†

[1] Unless otherwise specified, all statutory references are to sections of the Business and Professions Code.

[2] None of the State Bar charges against petitioner arising out of his handling of the indictment for Weissburg's refusal to submit to military induction were found to be true by either the local administrative committee or the board. Such charges included violations of former rules 9 (conversion or commingling) and 11 (advising a violation of law) of the Rules of Professional Conduct, and abandonment of his client (violation of oath as attorney). All misconduct found against petitioner occurred after dismissal of the indictment.

---

†Assigned by the Chairperson of the Judicial Council.

On the day criminal charges were dismissed Weissburg notified petitioner of his decision not to return to military duty. While away without leave Weissburg prepared a conscientious objector claim and presented it to petitioner to be formally drafted within the following week. Completed copies of the formalized claim were not returned to Weissburg, however, until more than three months later. During that time Weissburg was classified as a deserter and petitioner underwent surgery. He did not return to his office until shortly before formalizing Weissburg's claim as a conscientious objector. No significant action was taken on Weissburg's behalf until Weissburg was arrested as a deserter seven months later on October 1, 1972.

On October 11 petitioner met with and advised Weissburg he had prepared two petitions for writs of habeas corpus, one for submission to a federal court in San Francisco, and a second petition for submission, by Weissburg in propria persona to a federal court in Colorado where Weissburg was incarcerated or held in constructive custody by the military. On October 24 petitioner told Weissburg he had mailed for filing the San Francisco petition. Petitioner next spoke with Weissburg on November 3, stating that the petition prepared for the Colorado court had been mistakenly mailed to the San Francisco court and had been returned by that court with a letter of transmittal.

On November 27 Weissburg met with petitioner, dismissed him as counsel, and demanded petitioner's office file of matters relevant to his representation of Weissburg. Later that same day Weissburg again retained petitioner for the purpose of continuing to pursue a writ of habeas corpus.

During the month of December Weissburg asked several times about the status of the petition for the writ and was told on each occasion it was either ready for typing or was being typed and would be filed immediately. No petition was ever filed by petitioner or forwarded to Weissburg for his approval. In January Weissburg "completely gave up" and again filed with military authorities a conscientious objector claim he had prepared, seeking his discharge. Three weeks later Weissburg was discharged from military service as a conscientious objector.[3]

The local administrative committee found petitioner to have culpably deceived Weissburg as to the state of the variously claimed petitions for

---

[3]We are not advised what charges, if any, were preferred against Weissburg following his arrest as a deserter.

writs of habeas corpus. It recommended public reproval. The disciplinary board adopted the findings of the committee and additionally found petitioner had willfully refused and neglected to perform the services for which he had been employed, and had intentionally abandoned his client while representing he was actively pursuing a writ of habeas corpus on his behalf. The board unanimously recommends a three-month suspension.

Petitioner argues the evidence does not support findings he made untrue representations as to his preparation and filing of a petition for a writ of habeas corpus, claiming cross-examination of Weissburg creates a reasonable doubt as to such findings. Weissburg testified on cross-examination that he met petitioner and went through the file with him on December 2, and that he left their meeting "satisfied" petitioner had done everything he could. Petitioner claims it is inconceivable Weissburg could have been satisfied with petitioner if Weissburg had never seen the petition for the writ claimed by petitioner to have been returned by the San Francisco court, together with a letter of transmittal.

This court must independently examine the record, reweigh the evidence and pass on its sufficiency in State Bar disciplinary matters. (*In re Kristovich* (1976) 18 Cal.3d 468, 475 [134 Cal.Rptr. 409, 566 P.2d 771]; *Emslie* v. *State Bar* (1974) 11 Cal.3d 210, 220 [113 Cal.Rptr. 175, 520 P.2d 991].) The burden is on petitioner to show that findings are not supported by evidence or that recommended discipline is unwarranted. (*Magee* v. *State Bar* (1975) 13 Cal.3d 700, 708 [119 Cal.Rptr. 485, 532 P.2d 133]; *Younger* v. *State Bar* (1974) 12 Cal.3d 274, 284-285 [113 Cal.Rptr. 829, 522 P.2d 5].) We give great weight to findings of a local administrative committee since that tribunal sees and hears the witnesses. (*Magee* v. *State Bar* (1975) *supra,* 13 Cal.3d 700, 708; *Lewis* v. *State Bar* (1973) 9 Cal.3d 704, 712-713 [108 Cal.Rptr. 821, 511 P.2d 1173].)

The question is not whether Weissburg expressed satisfaction at the December 2 meeting with petitioner, although such expression, even though qualified, has some bearing on the issues. One of such issues is whether the findings of the committee and the board that petitioner made misrepresentations to his client are supported on the record. There is clear evidence that petitioner did misrepresent. On October 11 he advised his client that he had prepared two petitions for writs, yet according to Weissburg neither of these was ever seen by him, or, insofar as the record discloses, by anyone other than petitioner. Petitioner was

unable to produce a copy of either petition as he claims his file has been lost. Although the petition for the writ purportedly returned by the San Francisco court was accompanied by a letter of transmittal, neither the original nor a court copy of such a letter was offered by petitioner. In December petitioner advised on several occasions a new petition for the writ was ready for typing or was being typed, yet such a petition was never submitted to Weissburg or to any court. If Weissburg was satisfied with petitioner's performance after the meeting on December 2, he could not have been satisfied in January when he "completely gave up" and proceeded in propria persona.

A second issue is whether the record supports the board's finding petitioner wilfully refused and neglected to prepare and file a petition for the writ, and intentionally abandoned his client. Petitioner was totally unproductive following dismissal of the indictment and formalizing of the document Weissburg prepared claiming conscientious objector status. Although petitioner continued to represent Weissburg he took no action during a seven-month period after his client was classified a deserter. When Weissburg was arrested on October 1 petitioner promised to prepare and file petitions for writs of habeas corpus, but two months after the arrest nothing had been produced except representations of work done or to be done. Nevertheless, at the meeting on December 2 Weissburg expressed qualified satisfaction with petitioner's performance. Although we may not be prepared to expressly find that petitioner intentionally abandoned his client, we have "repeatedly stated, habitual disregard by an attorney of his client's interests is grounds for disbarment under Business and Professions Code sections 6103 [violation of oath] and 6106 [moral turpitude, dishonesty or corruption]. [Citations.]" (*Schullman* v. *State Bar* (1976) 16 Cal.3d 631, 635 [128 Cal.Rptr. 671, 547 P.2d 447].) Certainly we are compelled to find on the record that petitioner habitually disregarded his client's interests.

■ Petitioner complains that because he was not notified by the State Bar for 22 months after charges had been made against him, he was unable to produce particular witnesses who would testify as to the petitions he claims to have prepared in Weissburg's behalf.

Although we cannot condone the long delay in notifying petitioner of charges made against him and note that such delay violates the State Bar Rules of Procedure (see rules 20(a) and 21(a), 3B West's Ann. Bus. & Prof. Code (1974 ed., 1977 Cum.Supp.) foll. § 6087), it does not follow

that petitioner is entitled to relief. The passage of time in itself is neither a denial of due process nor a jurisdictional defect (*Yokozeki* v. *State Bar* (1974) 11 Cal.3d 436, 449 [113 Cal.Rptr. 602, 521 P.2d 858]; *Taylor* v. *State Bar* (1974) 11 Cal.3d 424, 434 [113 Cal.Rptr. 478, 521 P.2d 470]), absent a showing of specific prejudice (*Caldwell* v. *State Bar* (1975) 13 Cal.3d 488, 496 [119 Cal.Rptr. 217, 531 P.2d 785]). Petitioner makes no persuasive showing of prejudice. He claims that neither an attorney with whom petitioner had talked about the petitions for the writs nor a part time secretary who had knowledge of the petitions, could recall the case by the time the order to show cause had issued. Further, a secretary who petitioner claims typed the petitions had, in the interim, "been married and moved to Texas leaving no forwarding address." What efforts were made to locate her, if any, are not stated. Such casual claims of prejudice are insufficient to warrant relief.

Petitioner's further claim he was improperly denied an opportunity on rehearing to present character evidence is likewise without merit. (See *Yokozeki* v. *State Bar, supra,* 11 Cal.3d 436, 447.)

■ We consider for purposes of imposing discipline, petitioner's prior misconduct (see *Schullman* v. *State Bar, supra,* 10 Cal.3d 526, 538-540) as well as certain mitigating circumstances suggesting recent rehabilitative efforts by petitioner. It is ordered petitioner be suspended from the practice of law for one year, that execution of the order of suspension be stayed, and that petitioner be placed on probation for the one-year period upon condition he actually be suspended for the first thirty days. We additionally order petitioner be subject to further actual suspension upon application of the State Bar unless, within one year of the effective date of this order, he pass the Professional Responsibility Examination. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929].)

This order is effective 30 days after the filing of this opinion.

**NEWMAN, J.**—I dissent because of the facts that the majority opinion here identifies as "certain mitigating circumstances suggesting recent rehabilitative efforts by petitioner." Those facts have persuaded me that a 30-day actual suspension, in 1978, is a no-longer appropriate and needless punishment for misdeeds that occurred so many years ago. I

believe too that requiring the so-called Professional Responsibility Examination to be passed appears irrational in this and many comparable cases.