[L.A. No. 30800. Mar. 27, 1978.]

ALVIN G. TENNER, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Alvin G. Tenner, in pro. per., and Theodore A. Cohen for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

OPINION

THE COURT.—We have reviewed the recommendation of the State Bar Disciplinary Board that petitioner be suspended from law practice for one year (execution stayed) and placed on probation on condition that he (1) effect restitution, (2) obtain psychiatric help, (3) abstain from intoxicants, (4) enroll in the program of the State Bar Committee on Alcohol Abuse, and (5) submit quarterly written reports of compliance with the terms of probation, State Bar Act, and Rules of Professional Conduct. Participation in psychiatric counseling and the alcohol abuse program is terminable on a showing that he no longer needs aid.

■ At the notice to show cause hearing he admitted that his previously filed statement was largely false and that he was not seriously

contesting the State Bar's allegations. He expressed remorse for his misconduct and revealed, for the first time, that he had a drinking problem. He sought review here after learning that we were considering the imposition of increased discipline.

He requests that we adopt the disciplinary board's recommendations. He states that alcoholism and the pressure of financial and emotional problems adversely affected him during the period of misconduct and that his subsequent good conduct should be considered in mitigation of discipline.

Implicit in the recommendation is the State Bar's prediction that he can redeem himself if he is permitted to continue practicing under a one-year probationary suspension. The State Bar concedes that in the circumstances of this case, involving misrepresentation as well as misconduct, the recommendations are lenient.

Petitioner's past good record, his candor and remorse at the hearing, and his efforts to overcome complex problems and to avoid repetition of the misconduct are impressive. We conclude, however, that protection of the public requires a probationary suspension of three years, under the conditions recommended by the disciplinary board. In addition he must at the appropriate time pass the Professional Responsibility Examination.

It is ordered that petitioner be suspended from the practice of law for three years; that execution of the suspension be stayed; that he be placed on probation for that period subject to the conditions of probation recommended by the disciplinary board, except that the first condition is to read: Respondent is to pay $250 to Agnes Ratliff on or before the effective date of the Supreme Court order and pay $100 to Dorothy Nears on the first day of each month until he has paid her $1,000. Proof of payment must be presented to the State Bar of California.

It is further ordered that prior to the end of petitioner's period of suspension he pass the Professional Responsibility Examination.

This order is effective 30 days after the filing of this opinion.

On April 20, 1978, the opinion was modified to read as printed above.