[L.A. No. 30903. June 16, 1978.]

CARL L. CAIN, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Carl L. Cain, in pro. per., for Petitioner.

Herbert M. Rosenthal and Ronald W. Stovitz for Respondent.

OPINION

THE COURT.—This is a proceeding to review the recommendation of the Disciplinary Board of the State Bar of California (board) that petitioner, admitted to the bar in 1962, be disbarred from the practice of law.

After extensive hearings, at which petitioner was represented by counsel, the board found that petitioner had breached his duties as an

attorney in two particulars. Briefly, the record discloses that in 1973 petitioner improperly claimed a lien for $450 upon a workers' compensation award in favor of his client, Lawrence Mitchell. Although petitioner testified that the lien represented amounts owing from Mitchell for attorneys' fees and other sums advanced for Mitchell's living expenses, the board (1) noted that the attorneys' fees were incurred in unrelated matters and would not support a lien upon the workers' compensation award, and (2) accepted Mitchell's testimony to the effect that no sums were advanced by petitioner for Mitchell's living expenses. The board's findings, derived from its evaluation of conflicting testimony, are entitled to great weight. (*Himmel* v. *State Bar* (1971) 4 Cal.3d 786, 794 [94 Cal.Rptr. 825, 484 P.2d 993].)

In addition, the board found that petitioner received $3,000 from Mitchell's compensation award and deposited it in his own business bank account and, temporarily at least, converted those funds to his own use. Despite petitioner's contrary testimony, the board's findings of commingling and conversion, similarly, are entitled to great weight.

At petitioner's request, an advisory panel reviewed the recommendations of the board's own hearing body. (See rules 22.10-22.70, Rules Proc. of State Bar.) The advisory panel concurred in the findings and recommendation, and the board adopted the panel's proposed decision without change on November 30, 1976.

In reaching its recommendation of disbarment, the board considered petitioner's prior disciplinary record, which disclosed that in 1972 and 1973 he committed acts of misconduct similar in nature to those involved in the present proceeding, including mismanagement of his client trust account and misappropriation of client funds. As a result of these prior acts, petitioner was suspended from the practice of law for three years effective August 6, 1976, such suspension was stayed subject to six months' actual suspension. Petitioner is therefore currently on probation for acts which occurred close in time to the acts precipitating the current proceeding.

■ Although we have determined that the board's findings of fact must be sustained, several mitigating factors lead us to conclude that the punishment of disbarment is too severe for the isolated acts of misconduct herein presented.

Initially, we note that these acts occurred in 1972 and 1973. They would have been considered with the previous incidents giving rise to the prior disciplinary proceeding involving petitioner, except for Mitchell's delay in notifying the State Bar of his complaint against petitioner. In the intervening five or six years, petitioner has suffered a six months' period of actual suspension from the practice of law, and has fully complied with the conditions of his present probation. During an appreciable period of time he has demonstrated an ability to adhere to acceptable standards of professional behavior. In addition, petitioner has evidenced recognition of, and severe remorse for, his prior conduct and has substantially restructured his law practice in such a manner as to minimize the likelihood of any recurrence of misconduct.

Finally, although the record is somewhat unclear on the point, the evidence suggests that, prior to the initiation of any disciplinary proceedings, petitioner had fully repaid to Mitchell all sums which were due him. In light of the documentary evidence to this effect, Mitchell's contrary testimony reasonably may be deemed inherently unbelievable. It may be significant in this regard that the board made no finding on this point nor has it made any attempt to obtain further restitution from petitioner.

Under the foregoing circumstances, we have concluded that the public and the profession will be adequately protected by extending the period of his present probation for an additional two years, subject to the same conditions imposed in the prior proceeding. It is therefore ordered that the period of probation provided in Bar Misc. No. 3794 is extended for a period of two years from August 6, 1979. All of the conditions of probation set forth in that proceeding shall remain in force.