[L.A. No. 30995. Feb. 7, 1979.]

FRANK G. PRANTIL, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Frank G. Prantil, in pro. per., for Petitioner.

Herbert M. Rosenthal and Gael T. Infande for Respondent.

**OPINION**

**THE COURT.**—This is a proceeding to review a recommendation of the Disciplinary Board of the State Bar of California that petitioner be suspended from the practice of law in this state for six months, that execution of such suspension be stayed, and that petitioner be placed on four years' probation on specified conditions including restitution to Don Brown by execution of a promissory note for the $4,500 wrongfully withheld plus interest of 7 percent per annum, payable in monthly installments of $200 or more. The conditions of probation also include one by which the stay of execution of the suspension order will be lifted if petitioner misses two consecutive payments on the note to Brown.

Petitioner, a sole practitioner, was admitted to the practice of law in this state on January 14, 1964. He has no prior record of discipline. The board's findings disclose the following facts: At the request of a friend of Don Brown, petitioner visited Brown at the jail where he was held on a federal narcotics charge. Although Brown stated he did not desire petitioner's services, petitioner was subsequently contacted by Steven McDonald, a friend of Brown with access to his funds. Petitioner willfully misrepresented to McDonald that Brown desired to retain petitioner, and McDonald gave petitioner $13,500 in cash.

Brown subsequently learned of the transaction, refused to retain petitioner, and demanded the money be returned. Petitioner repaid all but $5,000. To settle the matter, Brown finally offered to pay petitioner $500 for his services and demanded the return of the remaining $4,500. Petitioner refused, claiming that $4,500 was a nonrefundable retainer fee and that the remaining $500 had been paid to other attorneys for services rendered to Brown. Brown brought suit against petitioner who, shortly thereafter, filed for bankruptcy to discharge his obligation to Brown; in January 1978, a stipulated federal judgment was entered into between the parties, whereunder petitioner agreed to pay Brown $5,000 in installments.

Petitioner contends that the evidence is insufficient to sustain the charges against him. Petitioner maintains he was in fact retained by Brown. He relies upon an attorney release form signed by Brown, and

Brown's subsequent offer to pay petitioner $500, as evidence of his relationship with Brown. In addition, petitioner observes that Brown did not accuse him of fraud until several weeks after petitioner had acquired the funds from McDonald.

■ This court must independently examine the record, reweigh the evidence, and pass on its sufficiency in State Bar disciplinary matters. (*Wells* v. *State Bar* (1978) 20 Cal.3d 708, 712 [144 Cal.Rptr. 133, 575 P.2d 285].) Great weight is given to the findings of the hearing panel. (*Magee* v. *State Bar* (1975) 13 Cal.3d 700, 708 [119 Cal.Rptr. 485, 532 P.2d 133].) Petitioner has the burden of showing that the findings are unsupported by the evidence. (*Ibid.*)

In the present case, there is ample evidence to sustain the board's findings. Although Brown may not have formally accused petitioner of fraud, he immediately demanded that the funds be returned to him. The attorney release form was signed by Brown when an attorney substituting for petitioner (who was on vacation) asked Brown to do so after learning that Brown did not want petitioner to represent him. The attorney could not remember whether he had dictated the contents of the release form. Brown's attorney testified that petitioner had demanded that Brown sign a release of all responsibility as a condition to making any repayment of the funds. Brown refused to do so. He testified that he offered $500 to petitioner on the advice of his counsel to the effect that petitioner could not possibly deserve a greater sum.

Petitioner contends that it was unreasonable for the board to reject petitioner's testimony in favor of the contrary testimony of Brown, a convicted felon. Yet matters of credibility, and the weight to be accorded a particular witness, are best left to the judgment of the hearing panel which sees and hears the witnesses. (See *Martin* v. *State Bar* (1978) 20 Cal.3d 717, 721 [144 Cal.Rptr. 214, 575 P.2d 757].)

The rationale for according great weight to the findings of the hearing panel is that it is in a better position to evaluate conflicting testimony after observing the demeanor of the witnesses. (*Ibid.*) Petitioner contends the rationale should not apply to this case since the hearing panel originally considered only Brown's deposition prior to issuing its original findings. This argument might have merit, except that subsequent actions of the board corrected the problem: Upon petitioner's timely motion, an advisory review panel directed the hearing panel to reopen the proceedings for the limited purpose of taking Brown's oral testimony. On

December 12, 1977, the panel heard Brown's testimony; at this time Brown was cross-examined by petitioner and members of the board. Thereupon, the hearing panel unanimously adopted substantially all the earlier findings.

Petitioner further contends that incomplete procedures were followed since the recommendation of the review panel was never transmitted to petitioner. The record is silent on this point, but it is difficult to see how the alleged failure to transmit the recommendation to petitioner prejudiced his case; as noted above, the review panel recommendation was that the hearing panel should take the oral testimony of Brown. This recommendation was followed with petitioner's participation, and without his objection.

■ The recommendation of the board as to discipline is given great weight. (*Fitzpatrick* v. *State Bar* (1977) 20 Cal.3d 73, 87 [141 Cal.Rptr. 169, 569 P.2d 763].) Although more substantial discipline might have been warranted solely on the basis of the seriousness of petitioner's misconduct, we conclude that the circumstances as a whole support the board's recommendation. Petitioner had no prior disciplinary record in his 10 years of practice prior to this incident (*Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 747 [111 Cal.Rptr. 905, 518 P.2d 337]), he has displayed an appreciation of the seriousness of the charges (cf. *Yokozeki* v. *State Bar* (1974) 11 Cal.3d 436, 451 [113 Cal.Rptr. 602, 521 P.2d 858]) and has indicated some remorse over the way in which he handled this matter. (*Bradpiece* v. *State Bar, supra,* 10 Cal.3d at p. 748.)

It is ordered that Prantil be suspended from the practice of law for six months, that execution of such suspension be stayed, and that he be placed on probation for four years and comply with the conditions of probation set forth in the board's amended decision of January 6, 1978, except that he shall have one year from the effective date of this order to pass the Professional Responsibility Examination. (See *Segretti* v. *State Bar* (1976) 15 Cal.3d 878, 891, fn. 8 [126 Cal.Rptr. 793, 544 P.2d 929].) This order is effective 30 days after the filing of this opinion.

**RICHARDSON, J.**—I respectfully dissent. As the majority indicates, the record fully supports the board's findings that petitioner (1) knowingly misstated the facts regarding his representation of Don Brown, and (2) wrongfully refused to return to Brown the sum of $5,000, claiming these funds as a "nonrefundable retainer," despite the fact that petitioner performed no services for Brown. He thereafter attempted to defeat

Brown's claim for refund by filing a petition in voluntary bankruptcy. The foregoing conduct fully warrants a substantial period of actual suspension from the practice of law, in order to impress upon petitioner the seriousness of his misconduct and to deter others from engaging in similar conduct.

The net effect of the board's order, upheld by the majority, is to impose no actual discipline whatever in this case. The majority explains that one of the probation conditions imposed by the board is that petitioner make restitution to Brown of the funds which were wrongfully withheld. This restitution condition cannot be deemed "discipline," however, for as the majority observes petitioner had already stipulated to the entry of a federal judgment ordering him to repay the funds in question.

I would impose a six months' period of actual suspension in addition to the probation conditions fixed by the board.

Clark, J., concurred.