[L.A. No. 31252. Oct. 16, 1980.]

ALVIN G. TENNER, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

Theodore A. Cohen for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., and Marie M. Moffat for Respondent.

OPINION

**THE COURT.**—We review the recommendations of the Disciplinary Board of the State Bar (the board) in two consolidated matters. Petitioner has been the subject of previous discipline (*Tenner v. State Bar* (1978) 20 Cal.3d 878 [144 Cal.Rptr. 609, 576 P.2d 92]) in which proceeding we approved the stay of a three-year suspension from the practice of law upon his compliance with several enumerated conditions.

## THE PRESENT OFFENSES

In the matters presently before us petitioner does not dispute the findings of the board, the sole issue being the nature of appropriate discipline to be imposed.

The first acts of misconduct, described in Bar Misc. No. 4235, occurred in 1972-1976 during petitioner's handling of the tort claims of his clients Mr. and Mrs. Barnes. In June 1972, petitioner negotiated a personal injury and property damage settlement on behalf of the Barnes, received a draft for $8,000 and dismissed their civil action against third parties. He thereupon indorsed and negotiated the draft by forging the signatures of his clients, and deposited the funds in his clients' trust account. The record does not reflect whether signatures to releases and dismissals were similarly forged, or whether a notarized acknowledgment was affixed to the releases. Thereafter he withdrew for his personal use substantial sums leaving the balance in his clients' trust account substantially impaired and below the amount which would have been required to pay the Barnes for their share of the settlement.

For a period of four years thereafter petitioner misrepresented to his clients the status of the litigation and when in 1976 the Barnes independently discovered the prior settlement and dismissal of their lawsuit

petitioner falsely accused another attorney of forging the indorsements. Petitioner finally admitted his wrongdoing.

A second group of acts, set forth in Bar Misc. No. 4237, committed during 1973-1975, involved petitioner's representation of six civil litigants, each of whom had executed and delivered to petitioner medical liens in favor of a physician and medical group for professional services rendered to the litigants and exceeding $3,000 in the aggregate. Petitioner, while withholding the sums authorized from the settlement drafts, failed to pay the sums due on the liens and wilfully appropriated the funds for his own use.

## AGGRAVATING CIRCUMSTANCES

As noted, petitioner has previously been disciplined for misconduct and has been practicing under a stayed suspension order for a three-year period subject to several conditions of probation for the same period. During the course of the previous disciplinary hearing, petitioner admitted to the falsity of a statement which he had previously filed with the State Bar. Further, it appears that petitioner's misrepresentations to Mr. and Mrs. Barnes concerning disposition of their settlement funds occurred in August 1976, *after* the hearing in the previous disciplinary matter but before the issuance of any decision in the proceeding.

## MITIGATING CIRCUMSTANCES

In both disciplinary proceedings the board found a record suffused with alcohol. Commencing in 1965 or 1966 petitioner began drinking heavily. Because of his uncontrolled consumption of liquor he neglected his law practice, encountered serious financial difficulties, and suffered the breakup of his marriage. His continued use of alcohol impaired both his judgment and his competence.

At the hearing in Bar Misc. No. 4235 petitioner testified that in September 1976 he stopped drinking and enrolled in the State Bar alcohol abuse program. He engaged in active counselling and therapy. The institution of these proceedings two weeks after he discontinued the use of alcohol has not caused his return to his previous ways. The hearing panels in the above matters found in both 1977 and 1979 that petitioner's efforts at rehabilitation were sincere and that he had faithfully

continued his treatment program; that he had improved his physical appearance, rearranged his personal and professional affairs, and attended to his law practice; that he no longer incurred obligations that he could not meet, was current with the demands of his law practice, had moved to a less expensive office and home, and continued to abstain from the consumption of liquor. Prior to the hearing, he had repaid substantially all of the sums due Mr. and Mrs. Barnes, and has agreed to pay the balance of the sums due to the Barnes and to pay the medical obligations reflected in Bar Misc. No. 4237.

Petitioner has admitted his wrongdoing and expressed remorse over what he regards as very serious misconduct.

## DISCUSSION

Petitioner does not contest the board's findings and the sole issue before us is that of appropriate discipline. Petitioner's misconduct involved multiple clients over an extended period of years and included misappropriation of clients' funds, at least two forgeries, misrepresentation to his clients and to the State Bar, and a false accusation against a fellow attorney. These acts are extremely serious, involving as they do grave breaches of his duties as an attorney as well as the commission of criminal acts. We have said that misappropriation of funds alone is a "gross violation of general morality likely to undermine public confidence in the legal profession and therefore merits severe punishment." (*Yokozeki* v. *State Bar* (1974) 11 Cal.3d 436, 450 [113 Cal.Rptr. 602, 521 P.2d 858]; *Allen* v. *State Bar* (1977) 20 Cal.3d 172, 178 [141 Cal.Rptr. 808, 570 P.2d 1226]; *Wells* v. *State Bar* (1975) 15 Cal.3d 367, 371 [124 Cal.Rptr. 218, 540 P.2d 58].) In the absence of mitigating circumstances such misconduct unquestionably would warrant disbarment. (*Fitzpatrick* v. *State Bar* (1977) 20 Cal.3d 73, 87 [141 Cal.Rptr. 169, 569 P.2d 763]; *Wells* v. *State Bar, supra,* at p. 371; *Sevin* v. *State Bar* (1973) 8 Cal.3d 641, 646 [105 Cal.Rptr. 513, 504 P.2d 449].)

We have repeatedly observed that the primary purpose of bar disciplinary proceedings is to assure the protection of the public. (*In re Cohen* (1974) 11 Cal.3d 935, 944 [114 Cal.Rptr. 611, 523 P.2d 651]; *Bradpiece* v. *State Bar* (1974) 10 Cal.3d 742, 748 [111 Cal.Rptr. 905, 518 P.2d 337].) ■ In reaching an appropriate discipline in a particular case, we exercise our independent judgment while giving great

weight to the recommendations of the board. (*Inniss* v. *State Bar* (1978) 20 Cal.3d 552, 558 [143 Cal.Rptr. 408, 573 P.2d 852]; *Wells* v. *State Bar* (1978) 20 Cal.3d 708, 713 [144 Cal.Rptr. 133, 575 P.2d 285].) In our consideration of the nature of a disciplinary offense we are not insensitive to the personal and professional problems that frequently besiege the practitioner, including the all too frequent devastating impact of alcohol abuse. Nor have we been unmindful of the frequent successes of personal effort, restoration and human rehabilitation. (See *Cain* v. *State Bar* (1978) 21 Cal.3d 523 [146 Cal.Rptr. 737, 579 P.2d 1053].) Nonetheless, for many years we have not hesitated to impose substantial discipline when necessary for the protection of the public, the courts, and the legal profession. (See, e.g., *Hill* v. *State Bar* (1935) 2 Cal.2d 622 [42 P.2d 629], [three-year suspension, although alcohol recognized as major causative factor]; *In re Cohen, supra,* 11 Cal.3d 935, [five-year suspension added to six years' previous actual suspension, stayed on strict probation for attorney with severe personal problems, including alcoholism].)

The record before us reflects that the board considered that the offenses occurred during the period of petitioner's most acute alcoholism and fully terminated after he stopped drinking. The board also recognized petitioner's substantial and serious efforts at rehabilitation and found them sincere and successful. We also have previously observed with reference to this petitioner that his "candor and remorse . . . and his efforts to overcome complex problems and to avoid repetition of the misconduct are impressive." (*Tenner, supra,* at p. 880.) The sanctions previously imposed against petitioner resulted from misdeeds committed during the same period of time as that in which the present violations occurred.

We are thus presented with a case in which petitioner admits to misconduct which would readily warrant his disbarment. However, petitioner has demonstrated over a substantial period of time that he is aware of the extreme gravity of his offense and has earnestly and successfully engaged in a strenuous rehabilitative effort which, in fairness to petitioner, we cannot ignore. We have concluded, accordingly, that under these circumstances and on the basis of the present record before us a prolonged period of probation accompanied by those strict conditions recommended by the board are sufficient for the protection of the public, the courts, and the profession.

In *Matter of Walker* (1977) — S.D. — [254 N.W.2d 452], an attorney with serious alcohol problems undertook a program of rehabilitation and received a two-year suspension which was stayed, subject to conditions. We adopt the following sound reasoning of the South Dakota Supreme Court in *Walker*: "We do not hold that alcoholism as a causation factor in misconduct will shield the perpetrator from the consequences of his actions. The respondent did not receive the consideration that we have given him because he is an admitted alcoholic but rather because he is, in our view, a bona fide recovered or arrested alcoholic who has for the past two and one-half years demonstrated his fitness to continue in the practice of law." (P. 457.)

In Bar Misc. No. 4235 petitioner is suspended from the practice of law for two years, the period of suspension to be consecutive to the unexpired portion of the three-year term imposed on him in *Tenner* v. *State Bar, supra*. The execution of such suspension is stayed and petitioner is placed on probation subject to all of the conditions of probation recommended by the board which, without affecting the generality thereof, includes restitution to the Barnes, continued psychiatric help, enrollment and participation in the programs of the State Bar Committee on Alcohol Abuse, total abstention from the use of intoxicants, compliance with the provisions of the State Bar Act and Rules of Professional Conduct of the State Bar of California, and periodic reporting to the office of the State Bar.

In Bar Misc. No. 4237 petitioner is suspended from the practice of law for two years in addition to that suspension imposed in Bar Misc. No. 4235. The execution of such suspension is stayed and petitioner is placed on probation subject to all of the conditions of probation recommended by the board, with the additional condition that, within a reasonable time petitioner shall pay and discharge all sums of money due as evidenced by the several medical liens described in Bar Misc. No. 4237. The conditions, without affecting the generality thereof, include compliance with the provisions of the State Bar Act and Rules of Professional Conduct of the State Bar of California, abstention from the use of intoxicants, periodic reporting, appropriate response to State Bar inquiries, continued psychiatric help, participation in the programs of the State Bar Committee on Alcohol Abuse, and Alcoholics Anonymous, for the prescribed period, and reports to the State Bar on any arrests or convictions of alcohol or drug-related offenses.

At the expiration of the foregoing periods of suspension, in the event of petitioner's full compliance with and performance of all of the conditions herein imposed, the order of suspension shall be terminated and all of the terms of petitioner's probation shall be revoked.