[S.F. No. 24626. June 7, 1984.]

BYRON N. WELLS, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

Counsel

Byron N. Wells, in pro. per., for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., and Richard J. Zanassi for Respondent.

Opinion

**THE COURT.**\*—In accordance with a stipulation of facts and disposition, the State Bar Court Review Department recommended the petitioner, Byron N. Wells, be suspended from the practice of law for two years, that execution of the order of suspension be stayed, and that petitioner be placed on probation for two years with conditions including a thirty-day actual suspension.[1]

We conclude that a supplemental statement of facts by petitioner is properly before us and that when we consider it, we should accept the review department's recommendation.

Petitioner was admitted to practice in 1967. In 1975 he was disciplined for commingling and misappropriating a client's funds and thereafter fraudulently concealing his misconduct. He was ordered suspended for one year but placed on probation for one year on conditions including actual suspension for three months. (*Wells* v. *State Bar* (1975) 15 Cal.3d 367 [124 Cal.Rptr. 218, 540 P.2d 58].) In 1978, he was disciplined for failing to perform service for which he had been retained, for habitually disregarding his client's interests, and for misrepresenting that he had undertaken certain legal proceedings on behalf of the client. He was ordered suspended for one year but placed on probation for one year on conditions including a thirty-day actual suspension and a requirement that he pass the Professional Responsibility Examination. (*Wells* v. *State Bar* (1978) 20 Cal.3d 708 [144 Cal.Rptr. 133, 575 P.2d 285].)

In the present case the parties stipulated to the facts, admissions, and discipline, and the stipulation was approved by an investigation referee of

---

\*Before Broussard, Acting C. J., Mosk, J., Kaus, J., Reynoso, J., Grodin, J., Barry-Deal, J.,† and King, J.†

[1]One member of the panel was of the view that the discipline was insufficient.

†Assigned by the Chairperson of the Judicial Council.

the State Bar Court. (Rules Proc. of State Bar, rules 405-408.) The review department adopted the order of the investigation referee approving the stipulation as to facts and discipline. This court sent a letter advising petitioner that it was considering the imposition of more substantial discipline. Petitioner then filed his petition for writ of review.

The stipulation acknowledges that it is not binding upon the review department or this court. It includes a very brief statement of facts:

In August 1979, Lewis Witter retained petitioner to represent him in dissolution proceedings, paying as billed $404.50. Petitioner filed the action but then took only minimal steps to pursue the matter. He did not serve the opposing party by publication or otherwise and failed to respond to numerous calls by Witter. He lost track of the file, and although Witter was anxious to obtain a dissolution as soon as possible, two years passed without substantial action by petitioner. He subsequently repaid the fees paid by Witter except for the filing fee.

In 1980, he represented Valeryn T. Michaels as plaintiff in a municipal court action. He "failed to provide reasonable notice" to her that her deposition was scheduled for January 21, 1980, rescheduled for February 5, and again for February 11. The result each time was that she was unable to attend. Sanctions of $100 were imposed for her failure to attend deposition. He also failed to provide reasonable notice that trial was scheduled for March 4.

The stipulation concludes that petitioner violated rule 6-101(2) of the State Bar Rules of Professional Conduct in that he failed to use reasonable diligence and his best judgment to accomplish with reasonable speed the tasks he was retained for and that he violated Business and Professions Code sections 6067 and 6103 in that he violated his oath and duties as an attorney.

The stipulation also recites the following mitigating circumstances: He has now established office practices which should avoid repetition of the above conduct. He made restitution to Witter. The conduct in these matters is less serious than his conduct resulting in prior discipline. And he cooperated in the State Bar's investigation.

As aggravating factors the stipulation recognizes the two prior instances of discipline.

While the stipulation was pending before the review department, petitioner wrote a letter to the department requesting review pursuant to rule 450. Petitioner was advised: "The Review Department can consider a supple-

ment to the stipulation as to facts and disposition without the need for filing a request for review. Any such supplement should be agreed to in writing by both parties. Before presenting any such supplement to the Review Department, the parties should give the investigation referee who approved the stipulation an opportunity to review the supplement in light of the original stipulation.''

Petitioner then filed a letter attaching to it a supplemental statement of facts. The letter states: At the time that the stipulation was presented, petitioner objected because it was conclusory and was not sufficiently complete to permit independent review, and the State Bar Examiner stated that he could file a supplemental statement. While petitioner is not backing away from his stipulation, he relied upon the examiner's representations as to appropriate discipline because the examiner was in a better position to know how the review department would evaluate the record. Copies of the letter were being sent to the examiner and the referee.

In its brief, the State Bar states that the examiner had no objection to the supplemental statement but that the record does not show whether the supplemental statement was considered by the review department. The State Bar does not state whether the supplemental statement of facts was reviewed by the investigation referee.

The supplemental statement of facts may be summarized as follows:

WITTER

Witter had been separated from his wife for 10 years and sought a dissolution. He did not know where she was but said he would try to find out so she could be served. About five months after petitioner was retained, Witter reported that he had talked to his mother-in-law but she did not know where her daughter was living. Petitioner told Witter that he would have to publish and would like to have a statement from the mother-in-law for the court.

Witter obtained a handwritten statement, but petitioner said he needed a notarized one. Two more months had elapsed. Petitioner prepared a statement and gave it to Witter. Petitioner states that the prepared statement was given to Witter within a month but that Witter's recollection was that two more months elapsed before he received the statement. The mother-in-law signed the statement, but it was not notarized, and petitioner asked again if it could be notarized. Two months later Witter wrote that he had been trying to contact petitioner to find out the status of the divorce. Witter said a female friend had been calling for him, and petitioner said he had received the calls

but he did not know who she was and refused to discuss the dissolution with her.

Petitioner told Witter that he would prepare an application for order to publish and did so. About a year had elapsed since petitioner was retained. Unfortunately, someone struck out the calendar date, and the file was returned to a cabinet. At the time petitioner had an inexperienced secretary and he acknowledges that the secretary failed to inform him of some of his calls. Three months later, petitioner discovered the mistake, and called Witter offering to return the fee. After further discussions over a four-month period Witter came to the office and said he would get another lawyer. Petitioner refunded the fee. A month later petitioner received the notice of complaint from the State Bar.

MICHAELS

Petitioner filed a municipal court action against Michaels' former employer for discrimination on the basis of sexual harassment. He took the case on a 50 percent contingency, and Michaels agreed to pay costs. On January 9, 1980, petitioner received a notice of trial for February 1. A few days later he received a notice of deposition for Michaels setting the date as January 21. On January 18, he wrote to his client informing her of the deposition and trial dates. She called the next day to say that because of the shortness of time she could not attend the deposition. She said to set the deposition on any afternoon but Thursday.

Petitioner agreed with defense counsel on January 28 to continue the trial date and to set the deposition for February 5. His secretary called Michaels but petitioner is not sure whether she spoke to Michaels or left a message. Not having heard from Michaels, he called defense counsel on the fifth and reset the deposition for February 11. He claims that his office called Michaels immediately and again to remind her on February 8. She stated that she did not get the call on the fifth but did receive the call on the eighth. She did not appear for the deposition, and defendant moved for sanctions, setting the hearing for March 4, the date previously scheduled for trial. Michaels appeared and claimed the notice was too short, but the judge concluded she could have attended on the 11th and imposed sanctions of $100 upon her. In her presence, the judge continued the deposition to March 24 and the trial to April 9.

On March 24, she called to say that she could not attend the deposition because she sprained her ankle. Defense counsel, when informed, said he would ask for dismissal. Petitioner told Michaels, and she said she would appear for trial on April 9. On April 8, she said she could not appear at

trial because of her ankle. Petitioner advised the court of the message, but it dismissed the action.

Petitioner notified Michaels of the dismissal and told her that he would charge her a fee because she had deprived him of the opportunity to earn the contingency fee. He billed her for $806.65 at $60 per hour. She refused to pay. After four monthly bills, he referred her account for collection, and several months later was advised by the State Bar of her complaint.

As to the Witter matter, petitioner does not dispute that he breached his duty to communicate with his client (see *Doyle* v. *State Bar* (1976) 15 Cal.3d 973, 978 [126 Cal.Rptr. 801, 544 P.2d 937]), and admits that he neglected to faithfully discharge his obligation as an attorney to the best of his knowledge and ability (see *Simmons* v. *State Bar* (1970) 2 Cal.3d 719, 729 [87 Cal.Rptr. 368, 470 P.2d 352]). Petitioner does not claim that his supplemental statement of facts provides an excuse for his conduct.

As to the Michaels matter, petitioner states that he admits the factual statements that he did not provide reasonable notice of the scheduled depositions but asserts that in view of the circumstances set forth in the supplemental statement of facts, the notice as short as it was could be found to be reasonable. He also asserts that the trial date was not March 4 as set forth in the stipulation but April 9, and although he admits that he did not notify his client of the latter date, Michaels who was present in court when the date was fixed by the judge was notified of the date by the judge.

■ In the circumstances of this case the supplemental statement of facts may properly be considered. Rule 407 of the Rules of Procedure of the State Bar contemplates that the record on review may extend beyond the stipulation.[2]

Rule 408 of the Rules of Procedure of the State Bar provides in part: "Once approved by the referee or hearing panel, and adopted by the review

---

[2]Rule 407 provides: "(a) The hearing panel or investigation referee or settlement conference referee shall examine into the facts or indicated facts, the apparent fairness of the stipulations as to fact and as to disposition, and the effect of the stipulation upon matters which are or may be Client Security Fund matters or serious offenses.

"(b) The hearing panel or investigation referee or settlement conference referee may order the approval of the proposed stipulation or its approval with modifications to the stipulation accepted by the parties. Thereafter, the review department shall review the order approving the stipulation as provided for in Rule 450(b). In cases of adoption of the stipulation by the review department, if suspension or disbarment is provided for, the stipulation, the order approving the stipulation, if suspension, the action of the review department and the formal record in any formal proceeding upon which discipline is based shall be filed with the Clerk of the Supreme Court. The record need not include a reporter's transcript unless required by the Supreme Court."

department, a stipulation as to facts and disposition shall bind the parties in the proceedings or investigation. Once approved, the stipulation may not be withdrawn or modified without the written approval, upon good cause shown and notice duly given, of the referee or hearing panel having approved the stipulation or, of the presiding referee."[3]

Rule 408 makes clear that prior to adoption by the review department and after approval by the referee, the stipulation may be modified on good cause shown upon written approval of the referee. Good cause for a modification setting forth in detail the facts and circumstances relating to the charges is apparent from the face of the stipulation which is very brief and conclusionary. Although there was no written approval by the referee of the statement, the State Bar had previously advised petitioner that all that was required was a statement approved by the parties, apparently petitioner and the examiner, and that the referee should be given an opportunity to review the statement. The examiner approved petitioner's supplemental statement, and a copy was sent to the referee. Neither the referee nor the review department has at any time indicated any disagreement with the supplemental statement.

In any event, the supplemental statement of facts does not attempt to repudiate the stipulation, and in this sense it is not a true modification of the stipulation. In the Witter matter, the supplemental statement reflects an admission of failure to respond to client calls as stated in the stipulation. However, the supplemental statement also shows that there was a significant amount of client contact and that some of the failure to return calls was due to the fact that the calls were placed by a third party on behalf of Witter at a time when petitioner was unaware of the third party's authority. Further, as to the client calls that were not returned, the supplemental statement

---

[3]Rule 408 provides: "(a) No stipulation as to facts and disposition shall be effective until approved by a referee or hearing panel having jurisdiction over the proceeding or investigation. The referee appointed to preside over a settlement conference shall be deemed to have such jurisdiction. Once approved by the referee or hearing panel, and adopted by the review department, a stipulation as to facts and disposition shall bind the parties in the proceeding or investigation. Once approved, the stipulation may not be withdrawn or modified without the written approval, upon good cause shown and notice duly given, of the referee or hearing panel having approved the stipulation or, of the presiding referee. Any request for a withdrawal or modification of the stipulation must be served and filed within fifteen (15) days of service of the order approving the stipulation.

"(b) If the investigation or settlement conference referee or hearing panel have jurisdiction over the proceeding or investigation or settlement conference, or the review department rejects a stipulation as to facts and disposition, the parties shall be relieved of all effects of the stipulation and the proceeding or investigation shall resume before another referee or hearing panel having jurisdiction. Rejection of a stipulation as to facts and disposition does not bar approval of a subsequent stipulation in the same case, but the parties shall first disclose to the referee or hearing panel the circumstances and nature of any rejected stipulation in the same proceeding or investigation."

states that this was in part due to the failure to adequately supervise an inexperienced secretary. As to the delay in proceeding in the Witter matter, the supplemental statement provides an excuse for a large part of the delay but concedes that a significant portion of the delay was inexcusable. Again as to the Michaels matter, petitioner concedes that the notice was unreasonably short but points to factors that might warrant conclusions that the circumstances compelled such short notice as to most of the matters and that in those circumstances the notice periods were not unreasonable. In other words, petitioner is claiming a plea bargain because the question of reasonableness was open to dispute and he might have prevailed in a decision on the merits. Finally, as to the notice of the March 4 trial date, petitioner's statement seems to make the point that the notice was not material. Michaels appeared on that date (trial was continued), and it does not appear from either the stipulation or the supplemental statements that the shortness of notice was burdensome or resulted in any penalty.

The position of the State Bar as to whether the supplemental statement may be considered by this court is not clear. The State Bar relies on *Inniss* v. *State Bar* (1978) 20 Cal.3d 552, 555 [143 Cal.Rptr. 408, 573 P.2d 852], for the proposition that a petition on review may not contradict factual recitals in a stipulation. However, as pointed out above, the supplemental statement does not contradict the recitals in the stipulation. Moreover, *Inniss* is concerned with a situation where after this court announces it is considering more severe sanctions, a petitioner seeks to interject new matters. In that situation ordinarily the stipulated facts may not be contradicted, or the stipulation procedure would serve little or no purpose. (20 Cal.3d at p. 555; *Finch* v. *State Bar* (1981) 28 Cal.3d 659, 662 [170 Cal.Rptr. 629, 621 P.2d 253].) Such reasoning has no application where, as here, the supplemental statement of facts is presented to the State Bar and approved by its examiner prior to approval of the stipulation of the review department.[4]

Ordinarily, we would require strict compliance with rule 408, and failure to establish that the referee approved the supplemental statement would preclude our consideration of it. However, in the circumstances of this case

[4]In *Inniss* v. *State Bar, supra,* 20 Cal.3d 552, 555, the court stated: "We have concluded that, as a general rule, the attorney should become bound by the factual recitals in a stipulation once the board has entered its findings, conclusions and recommendations. Thereupon, if this court has announced it is considering imposition of more severe sanctions than those recommended, we may relieve the attorney from the binding effect of the stipulation. Ordinarily, however, the stipulated *facts* may not be contradicted; otherwise, the stipulation procedure would serve little or no purpose, requiring a remand for further evidentiary hearings whenever the attorney deems it advisable to challenge the factual recitals. On the other hand, fundamental fairness seems to require us to relieve an attorney from the *legal conclusions* to which he may have agreed solely because the recommended punishment seemed to him fair and reasonable." (Italics in original.)

we have concluded that the absence of referee approval should not preclude our consideration of the supplemental statement. When he approved the stipulation, petitioner was advised by the examiner that he could file a supplemental statement, and the State Bar's letter, advising petitioner that he could file a supplemental statement, did not state that he must secure the referee's approval but only that the referee should be given an opportunity to review it. The examiner did not object to the supplemental statement. A copy was submitted to the referee, and there is nothing to indicate that the referee disapproved it. The supplemental statement does not contradict the stipulation but adds new matter detailing the events, and we are satisfied that there has been substantial compliance with rule 408, that the failure to fully comply with rule 408 may be excused, and that we may properly consider the supplemental statement.

When we review the stipulated facts in the light of the supplemental statement, it appears that in the Witter matter petitioner breached his duty to communicate with his client and to use his best efforts to accomplish with reasonable speed the purpose for which he was employed. However, there was also extensive communication with the client, some of the delays were excusable, and the breach was not willful but due in large part to a breakdown in office procedures.

As to the Michaels matter, a much closer question is presented. The stipulation is that petitioner "failed to provide reasonable notice" of the depositions. The supplemental statement of facts reflects that the circumstances of the short time available before trial and the scheduling of the depositions permitted only short notice. Yet culpability appears in that in view of the short time available, petitioner did not notify his client as soon as he should have. Thus, when he received the first notice of the deposition, he seems to have waited about a week to send written notice to Michaels; as to the second date fixed for the deposition the supplemental statement is unclear as to whether he ever effectively communicated with Michaels; and as to the third date fixed for deposition Michaels complains that she only received three days' notice, the date for the deposition having been fixed three days before the notice. The stipulated conclusion that petitioner failed to use reasonable diligence is supported. (Cf. *Lewis* v. *State Bar* (1981) 28 Cal.3d 683, 688-689 [170 Cal.Rptr. 634, 621 P.2d 258].)

However, petitioner's culpability in these matters is relatively minor, and if petitioner had not been disciplined twice previously, a private reproval would be in order in view of the mitigating factors. In light of the two prior disciplinary proceedings, we adopt the stipulated discipline.

Accordingly, it is ordered that Byron N. Wells be suspended from the practice of law for a period of two years, and that such suspension be stayed

upon the conditions specified in the stipulation of facts and disposition approved by the review department, including thirty days actual suspension.

**REYNOSO, J.,** Concurring and Dissenting.—I respectfully dissent.

The supplemental statement of facts provided by petitioner, I agree, is properly before us. Nonetheless, I dissent from the discipline imposed.

This is the third occasion it has been necessary to discipline petitioner. It seems inappropriate to impose a token suspension (probation for two years with conditions including thirty days actual suspension). "[T]he creation of the attorney-client relationship imposes upon the lawyer the obligation to represent his client with ' "such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of tasks which they undertake." ' " (*Wright* v. *Williams* (1975) 47 Cal.App.3d 802, 809 [121 Cal.Rptr. 194] quoting from *Ishmael* v. *Millington* (1966) 241 Cal.App.2d 520, 523 [50 Cal.Rptr. 592].) "Ordinary skill" includes not only the heart of lawyering, research and analysis, but also those responsibilities of administration and supervision without which a law office cannot function. Mr. Wells' treatment of Mr. Witter and Ms. Michaels shows a dereliction of those duties.

There is a need to protect the public from lawyers who repeatedly fail to discharge their obligations as attorneys to the best of their knowledge and abilities (see *Simmons* v. *State Bar* (1970) 2 Cal.3d 719, 729 [87 Cal.Rptr. 368, 470 P.2d 352].) For these reasons I feel Mr. Wells should receive three months actual suspension.

Barry-Deal, J.,* and King, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.