[S002446. Mar. 10, 1988.]

DENNIS T. GARY, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

**COUNSEL**

Dennis T. Gary, in pro. per., for Petitioner.

Herbert M. Rosenthal, Truitt A. Richey, Jr., and Richard J. Zanassi for Respondent.

## OPINION

**THE COURT.**—This is a proceeding to review the State Bar Court's recommendation that petitioner Dennis T. Gary be disbarred for wilfully neglecting to perform services for a client in two separate matters. In light of petitioner's extensive history of misconduct and the absence of substantial mitigating factors, we adopt the recommended discipline.

### FACTS

This case concerns misconduct committed by petitioner while representing Mary Ellen S. (Ms. S.) in two separate matters—the "criminal defense" matter and the "personal injury" matter.

#### A. *Charges*

In the criminal defense matter, the notice to show cause (notice) alleged that petitioner was retained by Ms. S. in September 1984 to defend her against a drunk driving charge in Marin County Municipal Court. Petitioner allegedly failed to attend two scheduled court hearings, compelling Ms. S. to appear twice without counsel. Such conduct constituted improper withdrawal from employment (Rules of Prof. Conduct, rule 2-111(A)(2)),[1] wilful failure to perform services competently (rule 6-101(A)), and a violation of the oaths and duties of an attorney. (Bus. & Prof. Code, §§ 6068, 6103.)

In the personal injury matter, the notice alleged that Ms. S. retained petitioner in September 1984 to file a claim with the City and County of San Francisco for personal injuries incurred on a local bus in July 1984. Petitioner purportedly never filed the claim and falsely told Ms. S. that he had. This conduct constituted improper withdrawal from employment (rule 2-111(A)(2)), wilful failure to perform services competently (rule 6-101(A)), dishonesty (Bus. & Prof. Code, §§ 6068, 6103, 6106), and a violation of the oaths and duties of an attorney. (*Ibid.*)

The notice further alleged that in connection with the two matters, petitioner failed to return unearned fees (rule 2-111(A)(3); Bus. & Prof. Code, §§ 6068, 6103), and failed to return the client's files. (Rule 2-111(A)(2); Bus. & Prof. Code, §§ 6068, 6103.)

#### B. *Findings*

Although several charges were not sustained, petitioner was found culpable in both matters of wilfully failing to perform services competently (rule

---

[1] All further rule citations are to the Rules of Professional Conduct.

6-101(A)), and failing to abide by his oaths and duties as an attorney. (Bus. & Prof. Code, §§ 6068, 6103.)

The pertinent factual findings were that petitioner had been employed to perform the services described in the notice. In the criminal defense matter, the State Bar Court found that, "on several occasions," petitioner "wilfully . . . failed to make his court appearances in connection with [Ms. S.'s case,] causing the matter to be unnecessarily continued several times before its final disposition." In the personal injury matter, the key finding was that petitioner "wilfully . . . failed and refused to file a timely claim with the City and County of San Francisco in connection with [Ms. S.'s] alleged injury."

In recommending disbarment, the State Bar Court found petitioner's prior record of discipline to be an aggravating factor. It noted that petitioner was admitted to the bar in 1971, and had been disciplined on three previous occasions for conduct occurring between 1974 and 1982. In 1978, he was privately reproved by the State Bar Disciplinary Board for commingling a client's funds with his own, and for failing to return the client's trust funds when due. In 1981, this court ordered petitioner placed on two years' probation, with no actual suspension, for wilful neglect and failure to return unearned fees of one client, and misappropriation of $650 from another client. The conditions of probation included a requirement that petitioner abstain from using intoxicants and enroll in an alcohol abuse recovery program. Most recently, in 1985, this court ordered petitioner placed on two years' probation, with nine months' actual suspension, for misappropriating $2,667 of a client's funds, and for violating probation by not abstaining from alcohol or participating in a recovery program. The probationary terms imposed in this latter proceeding also required sobriety and clinical rehabilitation.

Petitioner's alcohol problems and rehabilitative efforts were not found to mitigate the instant misconduct. The State Bar Court essentially observed that even though petitioner's admitted problem with alcohol had been taken into consideration in all previous matters, he had repeatedly rejected the opportunity to rehabilitate himself. Not until August 1986—almost two years after the instant misconduct occurred—did petitioner finally admit himself into a 30-day clinical recovery program. This delayed rehabilitative effort was found to have violated the probation imposed in 1981, and is conceded by petitioner to have violated the probation imposed in 1985.[2]

---

[2]Petitioner made this concession in his brief and at oral argument. A knowledgeable employee of the State Bar's probation department confirmed at the hearing that petitioner had not technically complied with the terms of his probation. The record indicates that a notice

Although petitioner said he was living in a "halfway house" at the time of the September 1986 hearing, and was attending recovery meetings, his assurances of permanent reform were found to be "unreliable." He "offered no evidence from persons experienced in dealing with alcohol problems in support of his assertion." This factor, plus the total 10-year-long history of misconduct (1974-1984) and admitted use of alcohol as recently as the summer of 1986, warranted disbarment. This sanction was necessary to protect the public from further injury, "[i]rrespective of the provisions of Section 1.7 of the Standards for Attorney Sanctions for Professional Misconduct." (Referring to Rules Proc. of State Bar, div. V, Standards for Atty. Sanctions for Prof. Misconduct, eff. Jan. 1, 1986 [hereafter standards].)[3]

### DISCUSSION

#### A. *Sufficiency of the Evidence*

Petitioner makes various attacks on the findings and evidence, none of which survive independent scrutiny. (*Alberton* v. *State Bar* (1984) 37 Cal.3d 1, 11-12 [206 Cal.Rptr. 373, 686 P.2d 1177].)

First, many of petitioner's objections to the findings are hypertechnical or simply inaccurate. He attacks minor word choices in the State Bar Court's written decision,[4] overlooks the clear implications of certain express findings,[5] and makes inaccurate statements concerning the pleadings.[6] He

---

to show cause for violation of probation imposed in the 1985 proceeding has been issued and is currently pending.

[3] As discussed *infra,* pages 827-828, standard 1.7(b) states that disbarment "shall" be imposed on any attorney who has been disciplined on two previous occasions, "unless the most compelling mitigating circumstances clearly predominate."

[4] For instance, petitioner claims that the findings erroneously stated that he missed "several" court appearances in the criminal defense matter. However, the evidence confirms and petitioner concedes that he failed to appear on Ms. S.'s behalf on two occasions. As discussed more fully below, petitioner offered no explanation for placing his client in this untenable position. Thus, regardless of the exact adjective used to describe this conduct, petitioner has acted in a manner that falls below reasonable standards of competence. (Rule 6-101(A).)

[5] Petitioner quibbles over the State Bar Court's failure to find that he had a "duty" to file a claim in the personal injury action. However, such a finding was clearly implied when the State Bar Court concluded that Ms. S. had "employed" petitioner "for the purpose of preparing a claim on her behalf against the City and County of San Francisco," and that he "agreed" to do so. (Rule 6-101(A).)

[6] Petitioner claims that he was charged with a violation of rule 6-101(A)(1), but was only found culpable of violating rule 6-101(A)(2). The record clearly reveals, however, that both subdivisions were alleged in the notice, and both appeared in the findings describing his culpability. Moreover, the two subdivisions of rule 6-101(A) concern the same topic: subdivision (A)(1) defines attorney competence, and subdivision (A)(2) precludes an attorney's work product from falling below this standard.

also makes certain vague complaints concerning the manner in which discovery was handled.[7] Needless to say, we have reviewed each of these concerns, and do not find that they affect the State Bar Court's recommendation.

■ Petitioner next criticizes what he believes is a fatal variance between the charges and the findings. However, any discrepancy is in petitioner's favor. The only charges which do not appear as findings of culpability are those which were not sustained by the evidence. Since the disciplinary recommendation was based solely on allegations which were proven to be true (i.e., rule 6-101(A); Bus. & Prof. Code, §§ 6068, 6103), petitioner has no cause to complain.

Finally, petitioner repeats much of the evidence, and asks us to reweigh it in light of Ms. S.'s assertedly dubious credibility. ■ We generally decline such requests where the findings are based on conflicting testimony. The hearing panel is in the best position to resolve such conflicts because it alone has the opportunity to observe the witnesses' demeanor and evaluate their veracity firsthand. (*Galardi* v. *State Bar* (1987) 43 Cal.3d 683, 690 [238 Cal.Rptr. 774, 739 P.2d 134].) In any event, the critical facts concerning petitioner's failure to perform services in the instant case are not in dispute.

■ It is clear the petitioner did not fulfill his duty of appearing at all municipal court hearings necessary to defend Ms. S. against the drunk driving charge. As part of the fee arrangement, the parties had agreed that Ms. S. would drive petitioner to all court appearances. Although this arrangement worked well for the arraignment and one other hearing, petitioner admittedly failed to arrive at the designated time and place in order to be driven to two other hearings. On each of these missed occasions, Ms. S. waited as long as she could before leaving so as to make a timely appearance in court. Each time, she appeared on her own behalf and obtained a continuance. After petitioner's second missed appearance, Ms. S. terminated his services and hired another attorney.

Petitioner's failure to appear can only be viewed as wilful. Although petitioner concededly knew about both appearances in advance, he never explained his failure to meet Ms. S. as planned. Rather, he attempts to shift the blame to her by arguing that she should have waited for him to arrive even though he was late. Had she done so, however, she herself would have missed the appearances. Also, although petitioner insists that he informed the court that he would not be appearing at the two hearings, he apparently

---

[7] Petitioner essentially contends that respondent State Bar was dilatory in responding to discovery requests. This charge is not supported by the record. We discern no procedural problems that prevented petitioner from receiving a fair hearing.

did so only after Ms. S. already had obtained the continuances. Finally, petitioner did not adequately explain his failure to arrive through alternative means of transportation. He therefore has not met his burden of showing that the charges are not supported by the evidence. (*Maltaman* v. *State Bar* (1987) 43 Cal.3d 924, 932 [239 Cal.Rptr. 687, 741 P.2d 185].)

■  The same result is dictated by evidence in the personal injury matter. It is undisputed that petitioner agreed to file a personal injury claim with the City and County of San Francisco, and that he never did so. According to Ms. S., petitioner knew when he took the case in September 1984 that the 100-day filing period would soon be expiring. Ms. S. inquired in October and November about the progress of the claim, and essentially was told not to worry. She ultimately learned in December 1984 that the claim had in fact not been filed. Ms. S. discharged petitioner and hired another attorney, Mr. Steffan, who found it necessary to petition to file a late claim on her behalf.

Petitioner seeks to excuse his inaction by insisting that Ms. S. failed to provide him with essential medical records. However, her testimony indicates that petitioner never asked for additional records or stated that he had insufficient information with which to prepare a claim. Petitioner also never informed the client that he had decided not to file the claim as promised. In any event, testimony by Steffan, Ms. S.'s new attorney, indicates that documented proof of medical damages was not needed to determine the merit of the client's claim or to begin the claim-filing process. Accordingly, petitioner's failure to perform the service for which he had been hired was inexplicable and violative of rule 6-101(A).

### B.  *Appropriate Discipline*

■  Petitioner focuses on the disciplinary standards recently promulgated by the State Bar. He notes that the bar traditionally has had discretion to "formulate" a sanction that was tailored to "individual circumstances." Under this system, petitioner purportedly would have received a lesser discipline than disbarment in light of the mitigating evidence he claims to have presented. The new standards supposedly disregard this evidence, mandate disbarment, and thereby retroactively increase his "punishment" in violation of the due process and ex post facto clauses of the state and federal Constitutions.

Petitioner erroneously seeks to apply criminal law principles to this case. The primary purpose of attorney disciplinary matters is to protect the public, bench, and bar, not to punish the attorney. (*In re Severo* (1986) 41 Cal.3d 493, 500 [224 Cal.Rptr. 106, 714 P.2d 1244].) In keeping with this

principle, we recently noted that there is no constitutional impediment to applying these standards to conduct predating their January 1, 1986, "effective" date. The ex post facto clauses of the federal and state Constitutions do not apply, because petitioner is not being "punished" under a penal statute. (*Greenbaum* v. *State Bar* (1987) 43 Cal.3d 543, 550 [237 Cal.Rptr. 168, 736 P.2d 754]; see also *Guzzetta* v. *State Bar* (1987) 43 Cal.3d 962, 968 [239 Cal.Rptr. 675, 741 P.2d 172]; *Lawhorn* v. *State Bar* (1987) 43 Cal.3d 1357, 1366 [240 Cal.Rptr. 848, 743 P.2d 908].)

■ Petitioner also misinterprets the role the standards play in the disciplinary process. They are not mandatory "sentences" imposed in a blind or mechanical manner. Rather, the standards are "simply guidelines" to be used with the aim of achieving greater consistency in the imposition of sanctions. (*Greenbaum, supra*, 43 Cal.3d at p. 550.) The State Bar understood this principle here, since the findings make only passing reference to the standards. These new guidelines also do not interfere with our traditional task of independently deciding the appropriate discipline in light of all relevant circumstances. (*Guzzetta, supra*, 43 Cal.3d at pp. 967-968.)

■ Accordingly, our analysis properly begins with the observation that standard 1.7 supports the disciplinary recommendation. It provides that an attorney who has been disciplined on two prior occasions may be disbarred "unless the most compelling mitigating circumstances clearly predominate." (Std. 1.7(b).) Petitioner acknowledges that his alcoholism per se does not mitigate the instant misconduct, since he was "not drinking" at the time it occurred. Moreover, although recovery from substance abuse may serve to mitigate misconduct (*Tenner* v. *State Bar* (1980) 28 Cal.3d 202, 207 [168 Cal.Rptr. 333, 617 P.2d 486]), petitioner's uncorroborated claim of reform is indeed unreliable. He has failed to demonstrate the "meaningful and sustained period of successful rehabilitation" necessary to ensure that his misdeeds will not continue. (*Rosenthal* v. *State Bar* (1987) 43 Cal.3d 658, 664 [238 Cal.Rptr. 394, 738 P.2d 740] [18-month period of sobriety insufficient to establish that alcoholism and substance abuse are under control].) At the time of the State Bar's hearing, petitioner had been a "graduate" of the clinical program for only one month, and was still living in the protective confines of a residential recovery facility. Since there is no assurance that his longstanding addiction is permanently under control, his claims to the contrary do not warrant a lesser discipline.

Petitioner's failure to use prior lenient sanctions as a means of reform independently supports this result. He now has passed through the formal disciplinary process a total of 4 times, having been found culpable of misconduct occurring in 10 of his first 13 years of practice. "Each of [the prior] disciplinary orders provided him an opportunity to reform his conduct to

the ethical strictures of the profession. His culpability [here] sadly indicates either his unwillingness or inability to do so." (*Arden* v. *State Bar* (1987) 43 Cal.3d 713, 728 [239 Cal.Rptr. 68, 739 P.2d 1236] [disbarment appropriate for attorney who has been disciplined on three prior occasions].) Probation and suspension already have proven inadequate to prevent petitioner from continuing his injurious behavior towards the public.

Given petitioner's pattern of professional misconduct and the uncertainty of his continued sobriety, we conclude that disbarment is appropriate.

Accordingly, it is ordered that petitioner Dennis T. Gary be disbarred from the practice of law and that his name be stricken from the roll of attorneys. It is further ordered that petitioner comply with the requirements of rule 955 of the California Rules of Court, and that he perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 days, respectively, after the effective date of this order. This order is effective upon finality of this decision.