[No. S014148. Feb. 28, 1991.]

JOHN NICHOLAS BACH, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

COUNSEL

John Nicholas Bach, in pro. per., for Petitioner.

Diane C. Yu, Richard J. Zanassi, Carole Hann and Gregory B. Sloan for Respondent.

OPINION

**THE COURT.**—We review the recommendation of the State Bar Court that petitioner John Nicholas Bach, admitted to practice in 1964, be suspended from the practice of law for 12 months, that execution of the suspension be stayed, that petitioner be placed on probation for that period and that he be actually suspended for the first 30 days and until proof is made of restitution of certain unearned fees. We conclude that the evidence supports the State Bar's findings and conclusions, and adopt the disciplinary recommendations.

## I. PROCEDURAL BACKGROUND

Following three days of hearings, a State Bar referee concluded that petitioner had repeatedly and with reckless disregard failed to perform legal services competently for one of his clients in an uncontested marital dissolution proceeding by failing over a period of two and a half years to pursue the case to a conclusion; that he had failed to communicate with his client

over much of that time; had withdrawn his representation without the client's consent or court approval; and had failed to refund unearned fees paid to him in advance.[1] ■ ■■ ■ The referee further found that petitioner violated provisions of the Business and Professions Code[2] in failing to respond to two written inquiries from a State Bar investigator requesting information relating to his representation of the complaining client.

After weighing evidence in mitigation of these conclusions and circumstances in aggravation, the referee made the disciplinary recommendations summarized above; by a vote of 8 to 2, the Review Department of the State Bar adopted the findings and conclusions of the referee as well as his recommendation as to discipline.[3]

In contesting these recommendations, petitioner contends that neither of the administrative tribunals below (nor, by implication, this court) had either personal or subject matter jurisdiction to impose discipline; that in any event the evidence before the referee was insufficient to support the findings; and that the recommended discipline is excessive.[4] After reviewing the entire transcript of the proceedings below and independently weighing the evidence, we reject petitioner's claims and adopt as our own the findings and conclusions of the review department.

---

[1] The referee thus concluded that petitioner had violated the following provisions of the Rules of Professional Conduct in effect at the time the conduct in issue occurred: former rule 2-111(A)(1), (2), and (3) [see now, rule 3-700], and former rule 6-101(A)(2) [see now, rule 3-110], as alleged in the order to show cause issued against petitioner.

[2] Specifically, the referee found that petitioner violated Business and Professions Code section 6068, subdivision (i) (imposing a duty on attorneys "[t]o cooperate and participate in any disciplinary investigation . . . pending against the attorney. . . ."). The referee also found that petitioner violated Business and Professions Code section 6103 (providing that an attorney's violation "of his duties as [an] attorney [shall] constitute cause[] for disbarment or suspension"), but what we said in *Baker* v. *State Bar* (1989) 49 Cal.3d 804, 815 [263 Cal.Rptr. 798, 781 P.2d 1344], applies here: "Since this section [6103] does not define a duty or obligation of an attorney, but provides only that violation of his oath or duties defined elsewhere is a ground for discipline, petitioner did not violate this section." (All statutory references are to the Business and Professions Code unless otherwise indicated.)

[3] One member did not vote; both dissenters thought that the charge that petitioner failed to cooperate with the State Bar investigation was not made out but one of them agreed with the proposed discipline, citing petitioner's "gross lack of insight into his misconduct," and stating that "significantly greater discipline would be appropriate" but for petitioner's many years in practice.

[4] Petitioner also complains of several evidentiary rulings by the referee. In the main, these consist of claims that petitioner's cross-examination of adverse witnesses was unduly truncated and that the referee erred in refusing to strike the testimony of several witnesses who, petitioner claims, before testifying refreshed their recollections from writings that were not ordered produced at the hearing under Evidence Code section 771. Having reviewed the entire transcript of proceedings before the referee, we find these claims lack any factual basis in the record and do not merit discussion.

## II. FACTS

The notice to show cause issued against petitioner alleged, and the evidence before the referee showed, that on August 9, 1984, Barbara Hester retained petitioner to obtain a dissolution of her marriage, paying him $3,000 in advance; that petitioner thereafter failed to communicate with Ms. Hester for months at a time despite repeated telephone calls and office visits; never obtained the dissolution; and purported to withdraw from the dissolution proceeding in March of 1987 without the consent of either Ms. Hester or the superior court and without returning the unearned portion of the fees advanced.

At the evidentiary hearing, the State Bar presented evidence that Ms. Hester had invoked arbitration proceedings against petitioner in 1986 in an attempt to recover the unearned fees paid to him in 1984. The evidence showed that petitioner had refused to appear at the arbitration hearing—insisting that he had not been served with a notice of arbitration—but had mailed to the arbitrator his declaration in which he disputed the merits of Ms. Hester's claim. The arbitrator found that Ms. Hester was entitled to a refund of $2,000; he notified the parties that his decision was not binding but would become so in 30 days unless a petition seeking review de novo was filed with the appropriate court.[5] The evidence showed that no petition for judicial review of the arbitrator's decision was ever filed.

## III. THE MERITS OF PETITIONER'S CLAIMS

### A. *Jurisdiction.*

Petitioner's jurisdictional argument rests on his claim that because the arbitrator allegedly lacked jurisdiction to adjudicate the fee dispute, the State Bar and this court have no jurisdiction to impose discipline in a proceeding that is, in effect, merely a means of enforcing the arbitrator's fee award to Ms. Hester. The argument fundamentally misapprehends the source and objective of this court's disciplinary jurisdiction over members of the State Bar.

The basic objectives of attorney discipline are the protection of the public, the preservation of confidence in the legal profession, and the rehabilitation of errant attorneys where appropriate. (*Sorenson* v. *State Bar*, ante, 1036, at p. 1044 [272 Cal.Rptr. 858, 804 P.2d 44]; *Phillips* v. *State Bar*

---

[5] The notice tracked the provisions of section 6203, subdivision (b), of the attorney fee arbitration statutory scheme (§§ 6200-6206), providing that an arbitrator's nonbinding award "shall become binding upon the passage of 30 days after mailing of notice of the award" unless a judicial action is filed under section 6204 within the 30-day period.

(1989) 49 Cal.3d 944, 952 [264 Cal.Rptr. 346, 782 P.2d 587].) Ordering restitution in cases of financial injury is a rehabilitative measure designed to further the state's disciplinary objectives "by forcing the attorney to 'confront, in concrete terms, the harm his actions has caused.' [Citation.]" (*Brookman* v. *State Bar* (1988) 46 Cal.3d 1004, 1009 [251 Cal.Rptr. 495, 760 P.2d 1023].) ■ This court does not sit in disciplinary matters as a collection board for clients aggrieved over fee matters; nor is our jurisdiction derivative of fee arbitration proceedings. The administration of attorney discipline, including such remedial orders as restitution, is independent of any remedy that an aggrieved client may pursue. We reject as frivolous petitioner's argument to the contrary.

### B. *Sufficiency of the Evidence.*

■ Petitioner contends that the evidence before the referee was insufficient to sustain the findings with respect to his conduct in the Hester dissolution, claiming that Ms. Hester lacked credibility. We disagree. As is our practice in disciplinary matters, we have weighed the evidence before the referee and independently conclude that it was more than sufficient to sustain each of the referee's findings with respect to the Hester matter. Petitioner's case is not aided by his insistence on rearguing his version of events or by asking us to overturn credibility determinations. (*Van Sloten* v. *State Bar* (1989) 48 Cal.3d 921, 931 [258 Cal.Rptr. 235, 771 P.2d 1323]; *Gary* v. *State Bar* (1988) 44 Cal.3d 820, 826 [244 Cal.Rptr. 482, 749 P.2d 1336].) His briefing fails to carry his burden of demonstrating that the referee's findings are not supported by substantial evidence. (*Chefsky* v. *State Bar* (1984) 36 Cal.3d 116, 121 [202 Cal.Rptr. 349, 680 P.2d 82]; *Dixon* v. *State Bar* (1982) 32 Cal.3d 728, 736 [187 Cal.Rptr. 30, 653 P.2d 321].)

■ Petitioner also contends that the evidence was insufficient to sustain the referee's findings with respect to the second count, that he failed to cooperate with the State Bar's investigation of Ms. Hester's complaint, thereby breaching a duty imposed by section 6068, subdivision (i). His precise claim with respect to this charge is that it permitted a finding of noncooperation in this case in circumstances where the State Bar already had obtained the desired client information from other sources.

We need not consider the legal merit of such a defense here, however, because the record fails to furnish factual support for it. The predicate for petitioner's argument is the assertion that he had previously advised a State Bar investigator by telephone of the existence of the Hester arbitration,

referring the investigator to the declaration filed in that proceeding for information about the pending disciplinary matter.[6]

The charge of noncooperation, however, arose from petitioner's failure to respond to two successive letters of inquiry mailed well after the alleged telephone call. The letters advised petitioner that a complaint had been filed by Ms. Hester, summarized its nature, requested a response within three weeks, and invited petitioner's attention to section 6068, subdivision (i). Neither letter having been returned and no reply from petitioner having been received, in the absence of a credible alternative account of the matter, the referee was entitled to conclude from the evidence that petitioner had ignored the two requests and thus breached his duty to cooperate in the disciplinary investigation. (*Bowles* v. *State Bar* (1989) 48 Cal.3d 100, 105 & fn.7 [255 Cal.Rptr. 846, 768 P.2d 65]; *Chang* v. *State Bar* (1989) 49 Cal.3d 114, 128 [260 Cal.Rptr. 280, 775 P.2d 1049].) Under these circumstances, petitioner's efforts to portray the State Bar as itself uncooperative in failing to follow up on petitioner's telephonic "leads" are unconvincing.

C. *Discipline.*

■ Finally, petitioner contends that the recommended discipline is excessive in light of his record of no prior discipline, other factors in mitigation, and published disciplinary guidelines. He relies on the definition of "mitigating circumstance" in standard 1.2(e) of the Standards for Attorney Sanctions for Professional Misconduct, Rules of Procedure of the State Bar, division V (hereafter the standards)[7] and suggests that a private admonition is the appropriate sanction, assuming any culpability at all.

Although arising out of a single case of client neglect, petitioner's difficulties have multiplied apparently as a result of a persistent lack of insight into the deficiencies of his professional behavior. He has denied any responsibility for the inordinate delay and substantial cost, anxiety, and inconvenience imposed on Ms. Hester by his nonperformance, refused to participate in mandatory fee arbitration proceedings on essentially specious grounds, and declined to respond to successive requests from the State Bar for information concerning the matter although reminded of his duty to do so.

Despite this record, petitioner invokes our discretion over discipline by suggesting that the following factors in mitigation itemized under standard

---

[6]Petitioner testified that sometime in May of 1987, he returned a telephone call from a State Bar investigator pursuing the Hester matter. He stated he left a message with an unidentified State Bar employee referring the investigator to his declaration in the fee arbitration proceedings.

[7]Division V, Transitional Rules of Procedure of the State Bar (eff. Sept. 1, 1989).

1.2(e) of the standards are present in his case: that his conduct was "not deemed serious" (std. 1.2(e)(i)); that he acted in "good faith" (std. 1.2(e)(ii)); that the record shows a "lack of harm to the client" (std. 1.2(e)(iii)); that he displayed "spontaneous candor and cooperation" during the investigation and disciplinary proceedings (std. 1.2(e)(v)); and that these proceedings were excessively delayed without his fault and to his prejudice (std. 1.2(e)(ix)). We find none of these factors presented by this record.

Moreover, the attitude toward discipline betrayed by petitioner's feckless suggestion that these factors are present strengthens the case for a period of actual suspension, however brief, followed by supervised probation.[8] (*Alberton* v. *State Bar* (1984) 37 Cal.3d 1, 16 [206 Cal.Rptr. 373, 686 P.2d 1177]; *Bowles* v. *State Bar, supra,* 48 Cal.3d at p. 110.) Our independent review of the record and exercise of our own judgment confirms the appropriateness of the recommendation of the review department. (*Carter* v. *State Bar* (1988) 44 Cal.3d 1091, 1099-1102 [245 Cal.Rptr. 628, 751 P.2d 894].) We adopt it as our own.

### DISPOSITION

It is ordered that petitioner be suspended from the practice of law for 12 months from the date this order is final but that execution of the suspension order be stayed and that he be placed on probation for 12 months on all the conditions of probation adopted by the review department at its meeting of August 31, 1989, including actual suspension for the first 30 days of the probationary period and until petitioner makes restitution to Barbara Hester in the sum of $2,000 together with interest at 7 percent per annum from February 5, 1987.

It is further ordered that John Nicholas Bach shall take and pass the Professional Responsibility Examination administered by the National Conference of Bar Examiners within one year of the effective date of this order. This order is effective upon the finality of this decision in this court. (See Cal. Rules of Court, rule 953(a).)

---

[8] Indeed, we agree with one dissenting member of the review department that under the circumstances substantially greater discipline might well be warranted but for petitioner's many years in practice.